UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00185-RJC-DCK

| | |
|---|---|
| SOURCE.AUCTION, LLC and <br> JEREMY LECLAIR, <br> <br>       Plaintiffs <br> <br> v. <br> <br> LESLIE FARKAS and <br> VALARIA DEVINE, <br> <br>       Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs' ex parte Motion for Temporary Restraining Order. (Doc. No. 3).

Source.Auction, LLC and Jeremey LeClair (collectively, "Plaintiffs") filed a Complaint, and Motion for Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65 on April 6, 2017. (Doc. Nos. 1 and 3).

Federal Rule of Civil Procedure 65 states in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Based on a review of the docket, it appears that Plaintiffs have not served the Complaint on Leslie Farkas or Valaria Devine (collectively, "Defendants") or even submitted a summons for service. Moreover, Plaintiffs' attorney has not "certifie[d] in writing any efforts made to give

notice and the reasons why it should not be required." The Supreme Court has made clear that an ex parte TRO is an extraordinary remedy; indeed, "our entire jurisprudence runs counter to the notion of court action take before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 438–39 (1974). Thus, ex parte TROs are granted only in rare circumstances, such as when notice is impossible because the adverse party's identity is unknown or where notice would cause additional harm like destruction of evidence. Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131–32 (9th Cir. 2006) (vacating and reversing district court's decision to issue an ex parte TRO and stating that the evidence for the ex parte TRO was "thin and barebones at best," despite plaintiff providing at least some argument for why the TRO must be issued without notice); Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984) (finding an abuse of discretion where district court issued ex parte TRO without notice to defendant when exceptional circumstances did not justify the lack of notice). From what can be gleaned from Plaintiffs' Complaint and Motion for TRO, such extraordinary circumstances that allow for a TRO to proceed ex parte do not exist here—or at bare minimum have not been pled.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' ex parte Motion for Temporary Restraining Order, (Doc. No. 3), is **DENIED**.

Signed: April 10, 2017

Robert J. Conrad, Jr.
United States District Judge