# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:17-CV-185-RJC-DCK

| | | |
|---|---|---|
| SOURCE.AUCTION, LLC,  and JEREMY LECLAIR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| LESLIE FARKAS,  and VALARIA DEVINE, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| GEA, INC.,  LESLIE FARKAS,  and VALARIA DEVINE, | ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| SOURCE.AUCTION, LLC,  JEREMY LECLAIR,  LUXURY AUCTIONS MARKETING, INC.,  and  GRANDEUR LUXURY AUCTIONS, INC., | ) ) ) ) ) | |
| Counter- Defendants. | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Strike And To Dismiss Plaintiffs' Amended Complaint For Failure to State A Claim" (Document No. 14);  and "Defendants' Motion To Strike Plaintiffs' Motions For A Preliminary Injunction And Temporary Restraining Order" (Document No. 15).  These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition.  Having carefully considered the arguments, the record, and the applicable authority, the undersigned will

respectfully recommend that the motion to strike and dismiss the Amended Complaint be <u>granted</u>, and that the motion to strike Plaintiffs' motions for preliminary relief be <u>denied as moot</u>.

## I.  BACKGROUND

SOURCE.auction, LLC ("SOURCE.auction") and Jeremy LeClair ("LeClair") (together, "Plaintiffs") initiated this action with the filing of a "Complaint And Motion For Injunctive Relief" (Document No. 1) on April 6, 2017, asserting claims against Leslie Farkas ("Farkas") and Valaria Devine ("Devine") (together, "Defendants").  That same day, Plaintiffs filed a "Motion For A Temporary Restraining Order" (Document No. 3).  The Court denied the "Motion For A Temporary Restraining Order" (Document No. 3) on April 10, 2017.  <u>See</u> (Document No. 4).

"Defendants Answer And Counterclaims" (Document No. 5) was filed on April 13, 2017, and includes the counterclaims of Devine, Farkas, and GEA, Inc. ("GEA") (together, "Counter Claimants").  The Counter Claimants assert seventeen (17) counts related to alleged:  breach of license agreement;  failure to pay royalties;  theft of trade secrets;  infringement of registered marks;  unfair competition;  breach of stock purchase agreement;  false advertising;  and unfair and deceptive trade practices.  (Document No. 5).  The counterclaims are asserted against: SOURCE.auction;  LeClair;  Luxury Auctions Marketing, Inc. ("LAMI");  and Grandeur Luxury Auctions, Inc. ("Grandeur") (together, "Counter Defendants").

Plaintiffs' "First Amended Complaint" (Document No. 7) was filed on April 14, 2017.  The Amended Complaint asserts claims for:  libel;  libel *per se*;  Lanham Act violations;  and tortious interference with contract.  (Document No. 7).  Plaintiffs also filed a renewed "Motion For Temporary Restraining Order And Preliminary Injunction" (Document No. 8);  however, they later filed a "Notice To Withdraw Motion For Temporary Restraining Order And Preliminary Injunction" (Document No. 16).

Now pending before the Court are "Defendants' Motion To Strike And To Dismiss Plaintiffs' Amended Complaint For Failure to State A Claim" (Document No. 14) and "Defendants' Motion To Strike Plaintiffs' Motions For A Preliminary Injunction And Temporary Restraining Order" (Document No. 15) filed on April 19, 2017. Defendants contend that the Amended Complaint (Document No. 7) should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), and that the attached "Affidavit Of Jeremy LeClair Owner Of SOURCE.auction" (Document No. 7-1) should be stricken by the Court. See (Document No. 14).

Since those pending motions were filed, "Counter-Defendants' Reply To Counterclaim" (Document No. 23) and the parties' "Certification And Report of F.R.C.P. Rule 26(f) Conference…" (Document No. 26) have been submitted. The Honorable Robert J. Conrad, Jr. issued a "Pretrial Order And Case Management Plan" (Document No. 27) that includes the following deadlines: discovery completion – December 15, 2017; mediation – January 5, 2018; dispositive motions – January 15, 2018; and trial – May 7, 2018.

As noted above, the pending motions are ripe for disposition, and therefore, review and a recommendation to Judge Conrad is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v.

American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

#### A. Affidavit

Defendants first argue that the "Affidavit Of Jeremy LeClair Owner Of SOURCE.auction" (Document No. 7-1), which is attached to the Amended Complaint as an exhibit, should be stricken by the Court. (Document No. 14-1, pp.1-3). It appears to the undersigned that this question is likely moot if the Court agrees that the Amended Complaint should be dismissed; nevertheless, the Court will address the issue.

4

Defendants contend that the attached affidavit of LeClair is improper because "it is not a 'written instrument' that may be considered by the Court under Rule 10(c) and should be stricken." (Document No. 14-1, p.1). They note that "[t]he Fourth Circuit has not decided the question of whether declarations are permissible attachments to pleadings under Rule 10(c)." Id. (citing In re NC Swine Farm Nuisance Litig., 2015 WL 3948309, at *2 (E.D.N.C. June 29, 2015) (citing Occupy Columbia v. Haley, 738 F.3d 107, 116–17 (4th Cir. 2013) (declining to decide the issue after noting splits between the Third and Seventh Circuit Courts of Appeals)). Defendants quote the Fourth Circuit's description of the Third Circuit's approach to the issue:

> The Third Circuit has held that an affidavit does not constitute a "written instrument" within the meaning of Rule 10(c). *Rose v. Bartle*, 871 F.2d 331, 339 n. 3 (3d Cir. 1989). "To hold otherwise," the court reasoned, "would elevate form over substance by drawing a distinction between an affidavit filed with [a pleading] and an affidavit filed with a motion to dismiss under Rule 12(b)(6)." *Id.* The court noted, "the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other writing[s] on which [a party's] action or defense is based." *Id.* (internal quotation marks omitted). Finally, the court explained that considering affidavits "would further blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted." *Id.*

(Document No. 14-1, p.2) (quoting NC Swine Farm, 2015 WL 3948309 at *2) (quoting Occupy Columbia, 738 F.3d at 116). In Occupy Columbia, the Fourth Circuit concluded that it "need not decide the propriety of considering an affidavit attached as an exhibit to a pleading in the instant appeal." Occupy Columbia, 738 F.3d at 117.

As noted by Defendants, the Eastern District of North Carolina found the Third Circuit's analysis to be persuasive. (Document No. 14-1, p.2) (citing NC Swine Farm, 2015 WL 3948309 at *2). The NC Swine Farm court held that it "may strike exhibits attached to pleadings which do not constitute "written instruments" as contemplated by Rule 10(c). Id. (citing E.E.O.C. v. Bo–

Cherry, Inc., No. 3:13–CV–210–MOC–DSC, 2013 WL 2317724, at *3–4 (W.D.N.C. May 28, 2013) (decision by this Court striking a photo exhibit attached by a party to its pleading). The NC Swine Farm court then struck the declarations and photographs attached to the complaint in that case, without prejudice to plaintiffs later seeking "to introduce them as part of an appropriate motion or at trial." NC Swine Farm, 2015 WL 3948309 at *2.[1]

Defendants further note that "[s]ince *Occupy Columbia* was decided, the Second Circuit joined the Third Circuit in holding that an affidavit is not a "written instrument" for purposes of Rule 10(c). (Document No. 14-1, p.2) (quoting Smith v. Hogan, 794 F.3d 249, 254 (2d Cir. 2015), cert. denied, 137 S.Ct. 566 (2016). Defendants argue that like Smith v. Hogan, the Amended Complaint here never even mentions the attached affidavit. (Document No. 14-1, p.3).

The undersigned also finds the following language from the Fourth Circuit to be instructive: "We generally do not consider extrinsic evidence when evaluating the sufficiency of a complaint. However, we may properly consider documents attached to a complaint or motion to dismiss 'so long as they are integral to the complaint and authentic.'" Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014) (quoting Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir.2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)). The Anand decision further notes that in evaluating a motion to dismiss, the district court did *not* "consider the affidavit, because it was 'speculative,' 'not a matter of public record,' and 'not referenced in the complaint.'" Anand, 754 F.3d at 198, n.2. See also, Li Che v. Hsien Chen Chang, 2017 WL 3383038, at *6 (D.Md. Aug. 7, 2017) ("When testing the sufficiency of a complaint, courts may 'consider documents attached to the complaint' under Fed. R. Civ. P. 10(c),

---

[1] In this case, Plaintiffs' attachment is 52 pages in length and includes LeClair's declaration with multiple exhibits with photographs and several screen shots of social media websites. See (Document No. 7-1).

provided they are 'integral to the complaint and authentic.'") and <u>United States v. Charlotte-Mecklenburg Hosp. Auth.</u>, 3:16-CV-RJC-DCK, 2017 WL 1206015, at *3 (W.D.N.C.) (same).

In responding to Defendants' request to strike their affidavit, Plaintiffs simply state:

> The Defense has cited a number of non-binding cases to this court where the plain meaning of Rule 10(c) is ignored and legal yoga is performed to create needless nuance.  The plain meaning of the rule on written instruments would include affidavits that are filed contemporaneously with the Complaint and other motions.  Here based on the plain meaning of the Federal Rule of Civil Procedure, Rule 10(c) the affidavit of the Plaintiff Jeremy LeClaire should not be stricken.

(Document No. 22, p.1).

The conclusory nature of Plaintiffs' response is not helpful.[2]  Plaintiffs accuse Defendants of "legal yoga," but fail to acknowledge that this issue has apparently created a split in the circuits, and that the Fourth Circuit specifically declined to take a position on this issue in a recent published decision.  <u>See</u> <u>Occupy Columbia</u>, 738 F.3d at 116 ("There is no uniform rule among the circuits with respect to whether an affidavit attached as an exhibit to a pleading is a "written instrument" such that it may be considered by a district court in resolving a Rule 12(b)(6) or Rule 12(c) motion.").

In fact, Plaintiffs fail to cite *any* authority, binding or non-binding, supporting their interpretation of Fed.R.Civ.P. 10(c).  (Document No. 22).  Plaintiffs also decline to discuss the disputed affidavit in their response, much less contend that it is "authentic" or "integral" to the Amended Complaint.  <u>Id.</u>

Defendants timely filed notice of intent not to file a reply brief.  (Document No. 25) (citing Local Rule 7.1 (E)).

---

[2]  Plaintiffs' "brief" also does not strictly comply with the Rules of this Court.  <u>See</u> Local Rule 7.1 (D).

The undersigned is not persuaded that the Court needs to reach this issue. Nevertheless, the undersigned finds that without more from Plaintiffs, and lacking any clear guidance from the Fourth Circuit, this Court should follow the holdings of the Second and Third Circuits, as well as the Eastern District of North Carolina, and the previous decision of this Court in E.E.O.C. v. Bo-Cherry, as cited above.

Based on the foregoing, the undersigned recommends that this Court strike the affidavit attached to the Amended Complaint.

**B. Amended Complaint**

Next, Defendants argue that each count should be dismissed for failure to state a claim because the "Amended Complaint merely recites elements of claims and makes no plausible allegations of harm." (Document No. 14-1, p.4).

    1.        Libel and Libel *Per Se*

Regarding Plaintiffs' defamation claims, Defendants summarize the applicable law as follows:

> "The term defamation includes two distinct torts, libel and slander. In general, libel is written while slander is oral." *Iadanza v. Harper*, 169 N.C. App. 776, 781, 611 S.E.2d 217, 222 (2005) (citation omitted). "Libel *per se* is a publication which, when considered alone without explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace." *Id.* (citation and quotations omitted).
>
> The Fourth Circuit has concluded that a heightened pleading standard is not required in defamation cases. *See*, *e.g.*, *Moore v. Cox*, 341 F. Supp. 2d 570, 575 (M.D.N.C. 2004) (citing *Wuchenich v. Shenandoah Mem. Hosp.*, 215 F.3d 1324 (4th Cir. 2000)); *Araya v. Deep Dive Media, LLC*, 966 F.Supp.2d 582, 588 (W.D.N.C. 2013).
>
> However, a defamation claim cannot survive motion to dismiss where the complaint contains only a "conclusory allegation—a mere recitation of the legal standard." *Mayfield v. National Ass'n for*

*Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377–78 (4th Cir. 2012). Thus, to state a plausible claim for defamation, a complaint must "set forth who said what to whom." *Terry v. Swift Transportation*, 2017 WL 1013074, at \*8 (M.D.N.C. Mar. 14, 2017). "In order for the Court to determine whether a statement is defamatory, it is essential for the plaintiff t**o describe the actual statements or conduct that give rise to the claims**." *Smith v. McGraw*, 2011 WL 1599579, at \*8 (D. Md. Apr. 27, 2011) (unpublished; emphasis added).

"In reviewing a motion to dismiss, the Court must defer to the well-pleaded facts in the Complaint, but not to the legal conclusions or unsupported factual inferences Plaintiff attempts to draw." *Id.* "Thus, a defamation complaint must contain more than the plaintiff's personal conclusion that she was the victim of defamatory statements." (internal citation omitted)); *see also Skilstorm, Inc. v. Electronic Data Sys., LLC*, 666 F.Supp.2d 610, 619–20 (E.D. Va. 2009) ("[The plaintiff's] pleading of its defamation claim is exactly the type of pleading that *Iqbal* and *Twombly* sought to foreclose. Here, [the plaintiff] alleges that it was defamed by [the defendant], but [the plaintiff] makes no direct allegations nor pleads any facts that allow the Court to plausibly infer that [the plaintiff] was, in fact, defamed.").

(Document No. 14-1, pp.4-5).

Defendants conclude that the only allegations in the Amended Complaint that reference any statement allegedly made by Defendants are in paragraphs 28 and 29: "Buyers Beware" and "statements of 'possible' wrong doing." (Document No. 14-1, p.6) (quoting Document No. 7, ¶¶ 28-29). Defendants note that Plaintiffs do not allege that the phrase "Buyer Beware" is false, nor do they identify the alleged "statements of 'possible' wrong doing." Id. Thus, Defendants contend the Amended Complaint fails to identify any false statement, much less "who said what to whom." Id. (quoting Terry, 2017 WL 1013074, at \*8).

2.     Lanham Act

As with the defamation issue, Defendants set forth the law applicable to Plaintiffs' claim of Lanham Act violations. (Document No. 14-1, pp.6-7). Defendants note:

9

The Lanham Act prohibits the "false or misleading description of fact, or false or misleading representation of fact, which ... in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]" 15 U.S.C. § 1125(a)(1). "Accordingly, a plaintiff asserting a false advertising claim must establish each of five elements, showing that:"

> *(1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.*

*Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 299 (4th Cir. 2017) (quoting *Design Resources*, 789 F.3d at 501; *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 120 (4th Cir. 2011)).

"[F]ailure to establish any one' of these five elements is 'fatal' to a plaintiff's claim." *Verisign*, 848 F.3d at 299 (quoting *Id.*). "And importantly, [a plaintiff] must be able to point to at least one challenged statement that satisfies all five Lanham Act requirements; as the parties agree, a Lanham Act claimant may not mix and match statements, with some satisfying one Lanham Act element and some satisfying others." *Verisign*, 848 F.3d at 299 (citing *Johnson & Johnson Vision Care, Inc. v. 1–800 Contacts, Inc.*, 299 F.3d 1242, 1248 (11th Cir. 2002) (rejecting argument that challenged statements should be evaluated "in concert" to determine whether any or all violated Lanham Act)).

(Document No. 14-1, pp.6-7).

Based on the foregoing, Defendants conclude that Plaintiffs have failed to address any of

the factors applicable to a false-advertising claim under the Lanham Act. (Document No. 14-1,

10

p.7).  Defendants add that Plaintiffs also fail to identify any "challenged statement that satisfies all five Lanham Act requirements."  Id. (quoting Verisign, 848 F.3d at 299).

      3.      Tortious Interference With Contract

Finally, Defendants assert that Plaintiff's tortious interference with contract must also be dismissed.  (Document No. 14-1, pp.7-8).  Defendants note that a tortious interference with contract claim includes five essential elements:  "(1) a valid contract existed between plaintiff and a third person, (2) defendant knew of such contract, (3) defendant intentionally induced the third person not to perform his or her contract with plaintiff, (4) defendant had no justification for his or her actions, and (5) plaintiff suffered damage as a result.  Id. (citing Wagoner v. Elkin City Sch. Bd. of Educ., 113 N.C.App.579, 587 (1994) disc. review denied, 336 N.C. 615 (1994)).  Moreover, Defendants report that under North Carolina law, tortious interference with prospective economic interference "arises when a party interferes with a business relationship 'by maliciously inducing a person not to enter into a contract with a third person, which he would have entered into but for the interference, ... if damage proximately ensues, when this interference is done not in the legitimate exercise of the interfering person's rights.'" (Document No. 14-7, p.8) (quoting Beverage Sys. of the Carolinas, LLC v. Associated Beverage Repair, LLC, 368 N.C. 693, 701 (2016)).

Defendants argue that Plaintiffs fail to identify any contract between Plaintiffs and a third person that has allegedly been breached.  (Document No. 14-1, p.8).  Defendants further argue that Plaintiffs have failed to identify specific customers and/or contracts that they would have entered into but for Defendants alleged statements or actions.  Id.  Defendants again conclude that Plaintiffs' claim(s) lack sufficient factual support.  Id.

As with Defendants' argument for striking the affidavit attached to the Amended Complaint, Plaintiffs respond to the arguments to dismiss their claims with a single paragraph:

> The Complaint meets the proper standards of pleaing with specificity to give adequate notice to the Defendants what the allegations are against them and what the factual support is for each cause of action. Each element of the claims are detailed for the Defendants to understand the nature of the claims against them.

(Document No. 22, p.2).

Plaintiffs' response again fails to address, much less challenge, any of the legal authority cited by Defendants. Id. Moreover, Plaintiffs decline to assert any argument or explanation for how the Amended Complaint makes adequate allegations pursuant to Iqbal and Twombly. Id.

The undersigned finds Plaintiffs' response perplexing. On the other hand, Defendants' concise arguments supported by relevant legal authority, are persuasive. After careful review of the Amended Complaint and the parties' briefing, the undersigned agrees that the Amended Complaint provides little more than the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that the Supreme Court has held will "not suffice." See Iqbal, 556 U.S. at 678.

Based on the foregoing, the undersigned will respectfully recommend that Plaintiffs' "First Amended Complaint" (Document No. 7) be dismissed.

## C. Motions for Preliminary Relief

Based on the recommended dismissal of the Amended Complaint, and Plaintiff's "Notice To Withdraw Motion For Temporary Restraining Order And Preliminary Injunction" (Document No. 16), the undersigned finds that Defendants' pending motion to "strike Plaintiff's motion for preliminary relief" should be denied as moot.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Strike And To Dismiss Plaintiffs' Amended Complaint For Failure to State A Claim" (Document No. 14) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendants' Motion To Strike Plaintiffs' Motions For A Preliminary Injunction And Temporary Restraining Order" (Document No. 15) be **DENIED AS MOOT**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 3, 2017

David C. Keesler
United States Magistrate Judge