UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00185-RJC-DCK

| | |
|---|---|
| SOURCE.AUCTION, LLC ET AL, and JEREMY LECLAIR, <br><br> Plaintiffs, <br><br> vs. <br><br> LESLIE FARKAS, and VALARIA DEVINE, <br><br> Defendants. <br> and <br><br> GEA, INC., LESLIE FARKAS, and VALARIA DEVINE, <br><br> Counter-Claimants, <br><br> vs. <br><br> SOURCE.AUCTION, LLC ET AL, JEREMY LECLAIR, LUXURY AUCTIONS MARKETING, INC., and GRANDEUR LUXURY AUCTIONS, INC., <br><br> Counter-Defendants | **ORDER** |

**THIS MATTER** comes before the Court on "Defendants' Motion To Strike And To Dismiss Plaintiffs' Amended Complaint For Failure to State A Claim," (Doc. No. 14); "Defendants' Motion To Strike Plaintiffs' Motions For A Preliminary Injunction And Temporary Restraining Order," (Doc. No. 15); the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 36); Jeremy LeClair's pro se Objection to Memorandum and Recommendations, (Doc. No. 44); and Defendants' Reply to LeClair's Objection, (Doc. No. 48).

**I.      BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. (Doc. No. 36).

**II.     STANDARD OF REVIEW**

A. Reviewing a Memorandum and Recommendation.

A district court may assign dispositive pretrial matters, including motions for summary judgment, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

B. Motion to Dismiss

On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the nonmoving

party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

## III. DISCUSSION

The Magistrate Judge recommends this Court dismiss Plaintiff's First Amended Complaint because it "provides little more than the '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' that the Supreme Court has held will 'not suffice.'" (Doc. No. 36 at 12) (quoting Iqbal, 556 U.S. at 678). Upon review of the M&R and the parties' briefs, this Court agrees with the Magistrate Judge and Defendants.

The Court finds that Plaintiffs' First Amended Complaint fails to sufficiently plead the causes of action of libel, libel per se, false advertising under the Lanham Act, or tortious interference with contract. In fact, Plaintiffs seem to agree with this conclusion. In their objection to the Magistrate Judge's M&R, Plaintiffs admit that their filing was inadequate, having omitted "a short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. No. 44 at 3). Indeed, Plaintiffs agreed that "the court and Defendants have not yet received 'fair notice of what the … claim is and the grounds upon which it rests." (Id.). These statements further reveal that Plaintiffs' objection to the M&R is an objection in name only. Rather than contest the

conclusion or reasoning within the Magistrate Judge's recommendation to dismiss their First Amended Complaint, Plaintiffs' attempt to improperly re-allege their causes of actions by pointing to a newly-filed Second Amended Complaint. (Id.).

Because Plaintiffs' objection to the Magistrate Judge's M&R fails to properly object to the recommendation's conclusions or reasoning, the Court will not address the reasoning of the M&R in detail. See Mixon v. Charlotte-Mecklenburg Schools, No. 3:11CV228-MOC-DSC, 2011 WL 5075622, *1 (W.D.N.C. Oct. 26, 2011) (unpublished) aff'd sub nom. Mixon v. Charlotte Mecklenburg Sch., 473 F. App'x 271 (4th Cir. 2012) (dismissing a plaintiff's complaint when an M&R concluded that her complaint failed to satisfy established pleading standards and, "rather than directing the court to a specific error in the magistrate judge's proposed findings and recommendations, plaintiff merely recite[d] new allegations that are in her proposed amended complaint.").

Last, because the Court dismisses Plaintiffs' First Amended Complaint, both the issue regarding Plaintiff's attachment of Jeremy LeClair's affidavit to its Complaint and Defendants' motion to strike Plaintiff's' motion for preliminary relief moot.

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Strike and to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim, (Doc. No. 14), is **GRANTED**;

2. Defendants' Motion to Strike Plaintiffs' Motions for a Preliminary Injunction and Temporary Restraining Order, (Doc. No. 15), is **DENIED AS MOOT**;

3. The Magistrate Judge's M&R, (Doc. No. 36), is **ADOPTED**; and

4. The Clerk of Court is directed to close this case.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge